UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES R. ROATH and SAUNDRA A. ROATH,

    Plaintiffs,

v.

Case No: 2:15-cv-286-FtM-38DNF

BANK OF NEW YORK MELLON,

    Defendant.

_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiffs James R. Roath and Saundra A. Roath's Motion to Abate Proceedings (Doc. #23) filed on June 30, 2015. Defendant Bank of New York Mellon filed its Response in Opposition (Doc. #24) on July 3, 2015. The Motion is now ripe for the Court's review.

## **FACTS**

On April 1, 2015, Plaintiffs initially brought this action for Quiet Title to real estate located in Collier County in the Circuit Court of the Twentieth Judicial District in and for Collier County, Florida. (Doc. #2). On May 5, 2015, Defendant successfully removed the instant case to this Court. (Doc. #1). Plaintiffs own real property located at 410 Bayfront Place, #2503, Naples, Collier County, Florida. (Doc. #2, at ¶ 2). On March 21, 2007,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Plaintiffs executed a mortgage securing a promissory note. (Doc. #2, at ¶ 4). Over two years later, Plaintiffs defaulted on the promissory note. (Doc. #2, at ¶ 6). Defendant then took assignment of Plaintiffs' mortgage on November 24, 2009. (Doc. #2, at ¶ 5). In December 2009, Defendant instituted an unsuccessful action to foreclose on Plaintiffs' mortgage. (Doc. #2, at ¶ 7). Plaintiffs cite to Section 95.11(2)(c) of the Florida Statutes, arguing Defendant should remove the cloud of mortgage from the title to the property because the applicable statute of limitations has expired and is not subject to tolling. (Doc. #2, at ¶ 10).

## **LEGAL STANDARD**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). When exercising discretion "to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). A stay that is granted by the district court must not be "immoderate." CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). When determining whether a stay is "immoderate," a court must look to "two variables – the scope of the stay, and the reasons cited for ordering it." Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976).[2] The Supreme Court has clarified that a stay is "immoderate . . . unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Landis v. N. Am. Co., 299 U.S. 248, 257 (1936).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In the Eleventh Circuit, courts have customarily vacated orders that stay cases pending the conclusion of another decision. Trujillo, 221 F.3d at 1264.

## DISCUSSION

In their Motion to Abate, Plaintiffs assert the instant case relies on the outcome of Dorta v. Wilmington Trust Nat'l Ass'n, Case No. 5:13-cv-185-Oc-10PRL, 2014 WL 1152917 (M.D. Fla. Mar. 24, 2014), which is currently on appeal in the Eleventh Circuit and stayed pending the Florida Supreme Court's decision of Bartram v. U.S. Bank, N.A., Case Nos. SC14-1265 (Fla. Sept. 11, 2014). (Doc. #23, at 2). In response, Defendants contend Plaintiffs' request to stay the case for an indefinite amount of time is immoderate and consequently, should be denied. (Doc. #24, at 4-6).[3]

Plaintiffs solely requests the instant case be stayed pending the decision of the Florida Supreme Court in Bartram; however, Plaintiffs do not specify or even speculate as to when the Florida Supreme Court might issue a decision. See (Doc. #23). Defendant indicates the Florida Supreme Court has since rescheduled oral argument for Bartram to November 4, 2015. See (Doc. #24-4, at 8). As this Court has previously noted, staying court proceedings pending a ruling in Bartram could possibly result in a delay exceeding two years. Stern v. Bank of Am. Corp., Case No. 2:15-cv-153-FtM-29CM, 2015 WL 3440419, at *3 (M.D. Fla. May 28, 2015).

In Trujillo, the Eleventh Circuit Court found the district court improperly granted a stay that was to remain in effect until the Bahamian courts concluded their review of a

---

[3] Defendant contends Plaintiffs incorrectly filed the instant motion as a Motion to Abate rather than a Motion to Stay. (Doc. #24, at 2-4). This Court will instead construe Plaintiffs' Motion to Abate as a Motion to Stay. See St. Paul Fire and Marine Ins. Co. v. Sea Quest Intern., Inc., Case No. 805CV962TMSS, 2006 WL 889994, at *2 (M.D. Fla. Nov. 27, 2007) (construing a party's motion to abate the case pending the conclusion of another state court case as a motion to stay).

case. Trujillo, 221 F.3d at 1264. There, plaintiff's stay was considered "indefinite in scope." Id. Here, Plaintiffs similarly seek a stay pending another court's ruling on a case. This Court is reluctant to speculate when the Florida Supreme Court will decide Bartram and consequently, finds Plaintiffs' requested stay too indefinite in scope. Upon review, this Court denies the instant motion.

In its Response in Opposition, Bank of New York Mellon moves the Court to grant its Motion to Dismiss with prejudice because the Plaintiffs have not yet filed a response to the Motion and the time to do so has expired. Although the time to respond has expired, the Court prefers to resolve dispositive issues on the merits rather than technicalities. Given that the Motion to Abate/Stay was pending before the Court, the Court will allow fourteen (14) days for the Plaintiff to respond to the Motion to Dismiss.

Accordingly, it is now

**ORDERED:**

Plaintiffs James R. Roath and Saundra A. Roath's Motion to Abate Proceedings (Doc. #23) is **DENIED**. The Plaintiffs have up to and including **July 24, 2015**, to file their response to the Defendant's Motion to Dismiss. Failure to do so will result in the Court ruling on the motion without benefit of a response.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of July, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record